## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ilooda Co., Ltd. et al. | Civil Case No. Misc.: _____ |
|      Plaintiffs (ITC Respondents), | |
|      v. | |
| Serendia LLC | |
|      Defendants (ITC Complainant) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
### RESPONDENTS' FOR ISSUANCE OF
### <u>LETTERS OF REQUEST PURSUANT TO 28 U.S.C. § 1782</u>

Respondents Sung Hwan E&B Co., LTD. d/b/a SHEnB Co. LTD ("SHEnB"); Aesthetics

Biomedical, Inc. ("AB"); Cartessa Aesthetics, LLC ("Cartessa"); Lutronic Corporation; Lutronic

Aesthetics, Inc., also known as Lutronic, Inc.; Lutronic, LLC (collectively "Lutronic"); Ilooda,

Co., Ltd. ("Ilooda"); Cutera, Inc. ("Cutera"); Jeisys Medical Inc. ("Jeisys"); Cynosure, LLC

("Cynosure"); Rohrer Aesthetics, LLC; Rohrer Aesthetics, Inc. (collectively "Rohrer");

EndyMed Medical, Ltd.; and EndyMed Medical, Inc. (collectively "EndyMed") (collectively

"Respondents") in *Certain Dermatological Treatment Devices and Components Thereof*,

Investigation No. 337-TA-1356 before the U.S. International Trade Commission ("the ITC

Investigation") hereby submit this memorandum in support of their motion to issue Letters of

Request on behalf of the Respondents to obtain documents and deposition testimony relevant to

the ITC Investigation from the following third-party witness:

> **Kwak, Jeong Gu**
> **1-901 Hanyang Apartment, 1089, Yangjae-daero, Songpa-gu,**
> **Seoul 138-836**
> **Republic of Korea**

*See* Letters of Request attached hereto as Exhibit 3 (Kwak, Jeong Gu).

On April 27, 2023, the Administrative Law Judge ("ALJ") MaryJoan McNamara, who presides over the ITC Investigation issued Recommendations that this Court issue the Letters of Request to Mr. Kwak. *See* Exhibit 1 (order granting motion seeking recommendation to issue letters of request) to obtain evidence in Korea). Judge McNamara's Recommendations are attached hereto as Exhibit 2 (Kwak, Jeong Gu).

This Court has authority to issue the Letters of Request under The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (28 U.S.C. § 1782). The Letters of Request are necessary to obtain certain testimony and documents from the Mr. Kwak to be used in the ITC Investigation. The Respondents request the Court's urgent attention because the period for fact discovery in the ITC Investigation concludes on July 12, 2023, and trial is set to begin on November 1, 2023.

## I.   THE DISTRICT COURT HAS AUTHORITY TO ISSUE LETTERS OF REQUEST UNDER THE HAGUE CONVENTION.

The Hague Convention provides that "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provision of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Art. 1, opened for signature, March 18, 1970, 23 U.S.T. 2555 (hereinafter "Hague Convention"). Both the United States and the Republic of Korea are parties to the Hague Convention. The United States ratified the Hague Convention on August 8, 1972, and the Republic of Korea ratified on December 14, 2009. *See* Hague Conf. on Private

Int'l Law, Status Table: Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, *available at* http://www.hcch.net/index_en.php?act=conventions.status&cid=82 (last visited Apr. 13, 2023). The Hague Convention authorizes the District Court for the District of Columbia to issue the Letter of Request. *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court*, 482 U.S. 522, 535 (1987) (stating that "a judicial authority in one contracting state 'may' forward a letter of request to the competent authority in another contracting state for the purpose of obtaining evidence"); 28 U.S.C. § 1781(b)(2) (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"). And under the Hague Convention, evidence can be compelled pursuant to a Letter of Request transmitted directly from a court in the United States to the Central Authority of the Republic of Korea. *See* U.S. Department of State, Legal Considerations – South Korea, *available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/KoreaRepublicof.html (last visited Apr. 13, 2023).

When such a request is required in an administrative case, it may be issued by a district court under the All Writs Act (28 U.S.C. § 1651) at the request of an ALJ. Indeed, this Court has issued Letters of Requests at the request of Administrative Law Judges in previous ITC investigations. *See, e.g., Philips Lighting North Am. Corp. v. FEIT Elec. Co., Inc.*, No. 18-18 (TJK), slip op. 1-2 (D.D.C. Mar. 20, 2018) (ECF No. 5) (granting unopposed motions and concluding, based on the recommendation of the ALJ, that it was appropriate to issue five letters of request and a letter rogatory).

II.    **JEONG KWAK IS IN POSSESSION OF RELEVANT DOCUMENTS AND
INFORMATION IN THE REPUBLIC OF KOREA.**

Mr. Kwak is listed as a co-inventor of Korean Priority Patent KR No. 10-2011-0057691

well as the sole applicant and one of two co-inventors on Korean Priority Patent Application KR

No. 10-2011-005792 ("Korean Priority Patent Patents") from which three of the six asserted

patents claim priority.  In particular, U.S. Patent Nos. 9,480,836; 10,058,379; 11,406,444 claim

priority to the Korean Priority Patents.  While Mr. Kwak was identified as an inventor for the

Korean Priority Patents, he was not named an inventor for the U.S. patents claiming priority

therefrom.  Indeed, the applicant Jongju Na, through his representative Merle Richman,

petitioned to remove Mr. Kwak's name as an inventor from the application that led to U.S.

Patent No. 9,480,836.  Mr. Kwak is still listed as a co-inventor on the face of the corresponding

foreign patents including Australian Patent No. 2012270349 B2 and Canadian Patent No.

2,839,440 C.

Therefore, Respondents/Plaintiffs believe that Mr. Kwak possesses unique documents and

information about the subject matter of the alleged invention including any contributions he

would have made to the inventions that were later claimed in the United States, the scope of the

prior art, and whether the prior art anticipated or renders obvious any or all of the features of the

Korean Priority Patents or the Asserted Patents. Respondents/Plaintiffs have already confirmed

that Serendia does not control Mr. Kwak and that Complainants' counsel, Latham and Watkins,

does not represent Mr. Kwak and is not authorized to accept service of a subpoena on his behalf.

III.   **THE LETTER OF REQUEST IS NECESSARY TO OBTAIN THE
DOCUMENTS AND INFORMATION FROM MR. KWAK AND
CONFORMS TO THE REQUIRED PROCEDURAL SAFEGUARDS.**

The attached Letters of Request should issue for several reasons.  The document requests

and deposition topics are narrowly tailored to obtain relevant information related to the alleged

inventions claimed by Serendia's asserted patents. In particular, the document requests and deposition topics are narrowly tailored to the subject matter of the alleged inventions as well as communications and documents showing any involvement Mr. Kwak has with Serendia, the alleged inventor of the Asserted Patents (Dr. Na), and ViOL (the owner of the Korean Priority Patents). The requested information, or its substantial equivalent, could not be obtained without undue hardship by alternate means because the documents and knowledgeable witness are in the Republic of Korea, which is beyond the Commission's subpoena powers. The documents produced pursuant to the Letter of Request would be subject to the Protective Order in this Investigation, attached to the Letter of Request, thereby ensuring that the interests of Mr. Kwak are adequately protected.

Respondents are fully prepared to comply with the procedural requirements involved in obtaining the requested documents and testimony from Mr. Kwak through the Letter of Request. The necessary steps to receive judicial assistance are:

1. Obtain a Letter of Request with the signature of a District Court judge and the seal of the District Court, and a copy thereof translated into Korean.

2. Include in the Letter of Request the identities of the parties, the nature of the proceedings, the discovery sought, any special procedures, the identity of the party that will bear any costs, and other information as recommended by the Hague Conventions. *See* Hague Convention, *Model for Letters of Request recommended for use in applying the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, *available at* http:/www.hcch.net/upload/actform20e.pdf (last visited April 13, 2023).

3. Transmit the letter to the Central Authority of the Republic of Korea, with a

Korean translation for enforcement in a Korean court. The Korean court will

serve the requests on Mr. Kwak.

For the foregoing reasons, Respondents respectfully request that the Court grant their

motion and issue the attached Letters of Request to the Central Authority for the Republic of

Korea.

May 2, 2023                                        Respectfully submitted,

/s/ Daniel Valencia                            /s/ Guy Yonay
Brian R. Nester                                 David A. Loewenstein
Daniel E. Valencia (D.C. Bar No. 974818)        Guy Yonay
W. Kiersten Choi                                Clyde A. Shuman
Daniel J. Farnoly                               Kyle Auteri
Yong Joon Kwon                                  PEARL COHEN ZEDEK LATZER
COVINGTON & BURLING LLP                         BARATZ LLP
One CityCenter, 850 Tenth Street, N.W.          7 Times Square, 19th Floor
Washington, DC 20001                            New York, NY 10036
Telephone: (202) 662-6000                       Telephone: (646) 878-0800
                                                Facsimile: (646) 878-0801
Robert T. Haslam                                Email: EndyMed@PearlCohen.com
Anupam Sharma
COVINGTON & BURLING LLP                         *Counsel for Respondents EndyMed Medical,*
1999 Avenue of the Stars                        *Ltd. and EndyMed Medical, Inc.*
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
Email: COV-Ilooda-ITC@cov.com

*Counsel for Respondents Ilooda, Co., Ltd.*
*and Cutera, Inc.*

/s/ Richard Wells                              /s/ Steven Corr
Richard V. Wells                                Steven J. Corr (CA Bar No. 216243)
Christine M. Streatfeild                        JONES DAY
Graham Cronogue                                 555 South Flower Street
BAKER & MCKENZIE, LLP                           Fiftieth Floor
815 Connecticut Ave. NW                         Los Angeles, CA 90071
Washington, D.C. 20006                          Telephone: (213) 489-3939
Telephone: (202) 452-7000
Facsimile: (202) 452-7074
                                                Ryan B. McCrum
James S. Blank                                  JONES DAY
BAKER & MCKENZIE, LLP                           901 Lakeside Avenue
452 Fifth Avenue                                Cleveland, OH 44114-1190
New York, NY 10018                              Telephone: (216) 586-3939

Telephone: (212) 626-4100
Facsimile: (212) 310-1600

Dorian Ojemen
BAKER & MCKENZIE, LLP
800 Capitol Street
Suite 2100
Houston, Texas 77002
Telephone: (713) 427-5000
Facsimile: (713) 427-5099


Aaron Lines
BAKER & MCKENZIE, LLP
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
Email: HOU-Lutronic-
ITC@bakermckenzie.com

*Counsel for Respondents Lutronic Corporation;*
*Lutronic Aesthetics, Inc. a/k/a Lutronic, Inc.;*
*and Lutronic, LLC*

Yeah-Sil Moon
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939

Marlee R. Hartenstein
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Telephone: (412) 391-3939

Laura M. Kanouse
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361-3580
Telephone: (404) 521-3939
Email: SHEnB-ITC-JD@jonesday.com


*/s/ Lesley Grossberg*
Lesley McCall Grossberg
Jacqueline M. Lesser
Ice Miller LLP
1735 Market St., Suite 3900
Philadelphia, PA 19103
Telephone: (215) 377-5030
Facsimile: (215) 377-5031

Kenneth Sheehan
Ice Miller LLP
200 Massachusetts Ave NW
Suite 400
Washington, DC 20001
Telephone: (202) 807-4055
Facsimile: (202) 807-4056
Email: RohrerITC@icemiller.com

*Counsel for Respondents Rohrer Aesthetics,*
*Inc. and Rohrer Aesthetics, LLC*